**In the Interest of D.M., Appellant.**

**No. 62391.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Valerie Held Rapp, St. Louis, for appellant.

Susan Clarissa Guerra, St. Louis, for respondent.

CRIST, Judge.

Defendant appeals the finding of the juvenile court of a violation of § 15.130.050, Revised Code of the City of St. Louis (1980), Carrying a Firearm. We affirm.

The facts are not in dispute. On February 15, 1992, Defendant and Co–Defendant were standing two steps from the front door of Co–Defendant's residence. Officer Rice, who was patrolling the area, observed Co–Defendant remove a weapon from his waistband and hand it to Defendant. Defendant then placed the weapon in his waistband. Officer Rice then arrested Defendant and Co–Defendant and seized the weapon. A petition was filed in juvenile court alleging Defendant had violated § 15.130.050 of the Revised Code of the City of St. Louis, Carrying a Firearm. Evidence on the petition was presented on June 9, 1992, and the court found Defendant had committed said offense.

In his point on appeal, Defendant argues the juvenile court erred in finding him guilty of violating § 15.130.050 because he did not remove the weapon in question from the residence of Co–Defendant. We disagree with Defendant's interpretation of § 15.130.050.

Section 15.130.050 states:

No person shall carry on or about his (or her) person any firearm, pistol, revolver, shotgun or rifle beyond the *property limits of his (or her) residence* or business premises in the city unless the firearm, pistol, revolver, shotgun or rifle is unloaded and secured in a locked container or in a case, or is sealed in its original delivery carton after sale by a bona fide dealer.

§ 15.130.050, Revised Code of the City of St. Louis (1980) (emphasis added). In construing the meaning of a city ordinance, we must give the words their plain and ordinary meaning, consider the entire act and its purposes, and avoid unjust, absurd, unreasonable, confiscatory or oppressive results. *City of Webster Groves v. Erickson*, 763 S.W.2d 278, 279[1] (Mo.App.1988); and *Firemen's Ret. Sys. v. City of St. Louis*, 754 S.W.2d 21, 25[3] (Mo.App.1988). The use of the word "his" in the ordinance is a possessive pronoun implying ownership. *See*, William Strunk, Jr. et al., *The Elements of Style* 12 (3d ed. 1979). Therefore, the only logical interpretation of the above ordinance is Defendant must be at his own place of residence to be exempt. Defendant's mother testified Defendant lives at 1201 Walt Bowers. Defendant was arrested at 1211 Walt Bowers. Defendant was not at his own place of residence when he was arrested.

Defendant argues he is entitled to claim the residential exemption because he was at Co–Defendant's residence with permission. However, Defendant relies on search and seizure cases which provide a defendant with standing to challenge the search of premises he did not own because he had permission to be there. *For example, Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); and *In re J.R.M.*, 487 S.W.2d 502 (Mo. banc 1972). These cases are clearly inapplicable because they concern constitutional law under the Fourth and Fourteenth Amendments to the United States Constitution. They do not concern interpretation of a city ordinance. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.